**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRETT ROBERTS,

    Plaintiff-Appellant,

 v.

DAYMON WORLDWIDE, INC. and
OMNI GLOBAL SOURCING
SOLUTIONS, INC.,

    Defendants-Appellees.

No. 16-16474

D.C. No. 3:15-cv-00774-WHO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted September 7, 2018
San Francisco, California

Before: BERZON and FRIEDLAND, Circuit Judges, and CARDONE,[**] District
Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

Brett Roberts appeals the district court's grant of summary judgment for Daymon Worldwide Inc. and Omni Global Sourcing Solutions, Inc. ("the Companies") on his claim that he was not fired for "Cause" under the terms of his Employment Agreement. We affirm.

1. Roberts contends that the Companies have not carried their burden to prove the destroyed Certificates of Origin [COOs] were under five years old and, as a result, that he caused a violation of law.

The Companies presented sufficient evidence from which a jury could infer that the shredded COOs had been created within five years and thus were subject to federal records retention requirements. *See* 19 C.F.R. § 10.1009(c)(1)[1]; 15 C.F.R. § 30.10(a); 15 C.F.R. § 762.6. Former employee Jim Duffy testified that at least some of the destroyed COOs were "probably" created after the acquisition and were thus still within the regulatory retention period. Roberts testified that he recalled Duffy telling him shortly after the shredding that some of the destroyed COOs were created post-acquisition, and Roberts did not suggest that Duffy was wrong in this regard. Roberts also testified that he believed copies of the destroyed COOs could be recovered from clients who, he explained, "would have to" retain

---

[1] Daymon exports goods to Korea. Records related to such transactions are subject to the retention requirements of 19 C.F.R. § 10.1009(c), which specifically applies to exports from the United States to Korea.

the records due to the retention requirements, suggesting he believed the COOs had been created within five years of destruction.  Additionally, Defendants submitted a letter to customers listing invalid COOs that Duffy had signed, all of which were less than five years old; although no direct evidence identifies any of those records as those that were shredded, a jury could infer that, as the shredded records were invalid COOs, they were likely among those about which the customers were notified.[2]

This evidence, taken together, is sufficient for a jury to find that the shredded documents were less than five years old.  Roberts introduced no countervailing evidence at all indicating that the shredded COOs were more than

---

[2]  Roberts contends that some of this evidence was not properly before the district court, as the Companies did not specifically cite all of this evidence in their briefing at the trial level.  The Companies, in turn, point out that relevant records were attached to the summary judgment briefing, but not cited.  As a general matter, "only those items referred to in the parties' . . . summary judgment memoranda below may be considered. . . . In a complex case such as this, the judge was not required to examine thousands of additional pages of record even if they were physically presented to him." *Harkins Amusement Enters., Inc. v. Gen. Cinema Corp.*, 850 F.2d 477, 482 (9th Cir. 1988); *see also Downs v. L.A. Unified Sch. Dist.*, 228 F.3d 1003, 1007 n.1 (9th Cir. 2000).  However, as Roberts did not raise the five-year argument in the context of this issue before the district court, he cannot now object that the Companies failed to present sufficient citations earlier in the litigation to counter an argument they had no reason to address.  And, in any event, Roberts himself relied on Duffy's statements regarding the age of the COOs in both his Complaint and in his response to the motion for summary judgement, so he is not in a position to contest them.

five years old. There is thus no genuine dispute of material fact on the question in the summary judgment record. As a result, there is no basis for disturbing the grant of summary judgment on the ground of insufficient proof of the age of the shredded COOs.

2. Roberts also challenges the district court's determination that the violations of law were "material," as required by the Employment Agreement for termination to be for "cause." The interpretation of "material" in a contract is a question of law for the court. *Parsons v. Bristol Dev. Co.*, 62 Cal. 2d 861, 965 (1965). As a matter of law, the violations in question were material, given the significant sanctions available under the relevant regulations for each violation. *See, e.g.*, 19 C.F.R. § 163.6; 15 C.F.R. §§ 764.3, 766.25; 19 C.F.R. § 10.1030.

3. Roberts further contends that he was not fired for cause because he could not personally be liable under the relevant regulations. This argument is unavailing. Under the plain text of the employment agreement, Roberts need not be personally liable for any "act of fraud, embezzlement, theft or any other material violation of law." Instead, the legal violation must "occur[] during or in the course of [his] employment with company." Nowhere does the agreement specify that Roberts had to be personally liable, as opposed to causing the Companies to be liable, for any "material violation of law that occurs."

4

**AFFIRMED.**